IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAAHNCHOOH DONALD GHOGOMU,    *

           Plaintiff,    *

           v.    *        Civil No. TJS-24-1083

THE PNC FINANCIAL SERVICES    *
    GROUP, INC., ET AL.
                      *

           Defendant.
             *      *      *      *      *      *

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendants PNC Financial Services Group, Inc. ("PNC") and David Foster[1] (ECF No. 13) ("Defendants' Motion to Dismiss") and the Motion to Amend Complaint, filed by self-represented Plaintiff Maahnchooh Donald Ghogomu (ECF No. 15) ("Plaintiff's Motion to Amend").[2] Having considered the submissions of the parties (ECF Nos. 13, 15, 16, 17, 19 & 20), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendants' Motion to Dismiss will be **GRANTED** and Plaintiff's Motion to Amend will be **DENIED**. Also pending are Defendants' Motion to Dismiss for Failure to State a Claim in Plaintiff's Amended Complaint (ECF No. 19), Plaintiff's Motion to Sanction the Defendants for Fraud (ECF No. 18), and Plaintiff's Motion for Special Matters for Consideration Under Federal Rule of Civil Procedure 9(b) (ECF No. 27).

---

[1] Plaintiff erroneously named Dave Forster in his complaint (ECF No. 1); the correct name is David Foster. ECF No. 16 at 1.

[2] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 12.

Having dismissed the complaint without leave to amend, all other matters pending in this case are **DENIED** as moot.

## I.      Background

Plaintiff alleges that on March 18, 2024, he entered the PNC Bank on Three Notch Road in California MD, where he is a customer, to conduct financial transactions. ECF No. 1 at 6. Plaintiff urgently needed to use the restroom but the bank did not have a public restroom, so Plaintiff requested to use the employee-only facilities. *Id.* Plaintiff alleges that he was denied access to the employee-only restroom despite "shaking around in pains, while suffering from temporary excruciating stomach upset with bladder pains." *Id.* Plaintiff proceeded to urinate in his pants inside of the bank and defecate in the bushes outside of the bank. *Id.* Plaintiff alleges that he was "ashamed, embarrassed, yelled at in the presence of other customers & Agents [sic]." *Id.* Following the incident, Plaintiff completed a survey about the incident at the request of a PNC employee but "the problem was not favorably resolved by the PNC Exec Managers." *Id.*

Plaintiff brought suit against Defendants for "Abuse and Humiliation" and "Infliction of Emotional Distress." *Id.* He seeks five million dollars in damages. *Id.* at 7.

## II.     Discussion

### A.      Legal Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the

complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A complaint must provide "more than labels and conclusions," as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nevertheless, "a pro se plaintiff still must allege facts that state a cause of action." *Sado v. Leland Memorial Hosp.,* 933 F. Supp. 490, 493 (D. Md. 1990). Furthermore, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### B.    Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted

The Court cannot reasonably construe Plaintiff's pleadings to state a valid claim upon which relief can be granted. Plaintiff identified "Abuse and Humiliation" and "Infliction of

Emotional Distress" as his claims against Defendants. The cause of action for both of those claims would be intentional infliction of emotional distress, as Maryland does not recognize negligent infliction of emotional distress or any other tort which would include the claims described by Plaintiff.[3] *Vance v. CHF Intern.*, 914 F. Supp. 2d 669, 683 (D. Md. 2012) ("[T]he tort of negligent infliction of emotional distress is not recognized in Maryland.").

To state a claim for intentional infliction of emotional distress in Maryland, a plaintiff must allege "(1) conduct that is intentional or reckless, (2) conduct that is extreme and outrageous, (3) a causal connection between the wrongful conduct and the emotional distress, and (4) emotional distress that is severe." *Lilly v. Baltimore Police Dep't*, 694 F. Supp. 3d 569, 586 (D. Md. 2023) (internal quotations and citations omitted). "A claim for intentional infliction of emotional distress . . . is disfavored in Maryland, difficult to establish, and is 'rarely viable.'" *Id*. (quoting *Respess v. Travelers Cas. & Sur. Co. of Am.*, 770 F. Supp 2d 751, 757 (D. Md. 2011). To meet the "extreme and outrageous" element, "[t]he defendant's conduct must be 'so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized [community].'" *Id.* (quoting *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 247-48 (D. Md. 1997)).

Plaintiff's claim of "abuse and humiliation" relies on the fact that PNC employees refused to permit Plaintiff to use the employee-only restroom at the bank. Plaintiff's claim of "infliction of emotional distress" is based on PNC employees' failure to address the incident to Plaintiff's

---

[3] Because this case is before the Court on the basis of diversity, the Court applies the substantive law and choice of law rules of the state in which it sits. *See State Farm Fire & Cas. Co. v. Huguely*, 432 F. Supp. 3d 587, 591 (D. Md. 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the incident occurred in Maryland, Maryland law applies.

satisfaction. None of the conduct identified by Plaintiff meets the "extreme and outrageous" standard that is required to give rise to a claim of intentional infliction of emotional distress.

Regarding the employees' refusal to permit Plaintiff to use the employee-only restroom, Plaintiff asserts that "[i]t is a basic Human Right and need for a person to use a toilet [sic], especially in a situation of emergency." ECF No. 1 at 6. However, Plaintiff cited no actual legal authority which would give him a "right" to access Defendant's restroom nor any law which creates an affirmative duty on Defendant to provide a restroom to Plaintiff.

### C.    Granting Plaintiff's Motion to Amend Would Be Futile

Ordinarily, given the Plaintiff's pro se status, the Court would consider granting leave to amend the complaint. However, Plaintiff filed his proposed amended complaint ("Plaintiff's Amended Complaint") with the Court, and even as amended, this complaint lacks any facts which would give rise to a legally cognizable claim. *See* ECF No. 17.

Plaintiff's Amended Complaint alleges that (1) PNC employees' refusal to permit Plaintiff to use the employee-only restroom violates the Md. Code, Health-Gen. § 24-209 and (2) Defendants' failure to provide a restroom for customers violates the United Nations Human Rights Declaration to have access to water and sanitation. Plaintiff also included more specific factual allegations to support his tort claims of "abuse/mistreatment and humiliation" and "infliction of emotional distress."

Beginning with Plaintiff's statutory claim, the law cited by Plaintiff, "Bathroom Access in Retail Facilities for Customers with Selected Medical Conditions," Md. Code, Health-Gen. § 24-209, makes it unlawful to deny the use of a restroom to certain retail customers. However, that statute only applies to customers who "suffer from an eligible condition that is documented with a signed statement by the customer's health care provider on an identification card that has been

prepared by the Maryland Department of Health." *Id*. § 24-209(b)(2). "Eligible conditions" include "(i) Crohn's disease, ulcerative colitis, or any other inflammatory bowel disease, or any other medical condition that requires immediate access to a toilet facility; or (ii) A condition that requires the use of an ostomy device." *Id*. § 24-209(a)(3). Here, Plaintiff stated in his proposed amended complaint that his gastrointestinal distress resulted from lactose intolerance, which is not an eligible medical condition. ECF No. 17 at 1. But even if Plaintiff did suffer from an eligible medical condition, he does not allege that the condition is documented with a signed statement by his health care provider on a Maryland Department of Health identification card.

Plaintiff's claim under the United Nations Human Rights Declaration Resolution, G.A. Res. 70/169, The Human Rights to Safe Drinking Water and Sanitation (Dec. 17, 2015), also fails. International agreements are not binding federal law unless they are self-executing. *Mellin v. Texas*, 552 U.S. 491, 504-04 (2008). Far from being a self-executing international agreement, the text cited by Plaintiff is a resolution of the United Nations General Assembly, which is not even a state-ratified treaty. Therefore, it cannot create a private cause of action in this court.

Plaintiff's proposed amended complaint does not include any allegations that alter the Court's analysis of Plaintiff's tort claims above. Plaintiff alleges that PNC employees (1) denied him access to the employee-only restroom; (2) "had a mean and disgusting attitude" when Plaintiff returned to the bank after defecating outside; (3) "yelled at Plaintiff in a loud voice, '*Sir I cannot attend to you! I am with another customer!*'" and (4) failed to provide Plaintiff with a "specific remedy" to resolve the incident after the fact. ECF No. 17 at 6-7. If anything, Plaintiff's additional details confirm that PNC employees' behavior does not come close to meeting the high bar for "extreme and outrageous" conduct.

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. It would be futile to grant Plaintiff leave to amend his complaint. Therefore, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED** and Plaintiff's Motion to Amend (ECF No. 15) is **DENIED**. Having dismissed Plaintiff's Complaint, the Court finds that Defendants' Motion to Dismiss for Failure to State a Claim in Plaintiff's Amended Complaint (ECF No. 19), Plaintiff's Motion to Sanction the Defendants for Fraud (ECF No. 18), and Plaintiff's Motion for Special Matters for Consideration Under Federal Rule of Civil Procedure 9(b) (ECF No. 27) are moot, and those motions will be **DENIED**.

## III. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED** and Plaintiff's Motion to Amend (ECF No. 15) is **DENIED**. The complaint is **DISMISSED** with prejudice. Accordingly, all other pending motions (ECF Nos. 18, 19 & 27) are **DENIED** as moot. A separate Order follows.

The Clerk of Court shall mail a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

December 30, 2024                                    /s/
Date                                                  Timothy J. Sullivan
                                                    Chief United States Magistrate Judge